Brian K. **DOEHR**

v.

John F. Di **GIOVANNI**.

Civ. No. 3–88–339(WWE).

United States District Court,
D. Connecticut.

Aug. 23, 1994.

90

Joanne Faulkner, New Haven, CT, for plaintiff.

Jon Patrucco, Meriden, CT, for defendant.

## RULING ON MOTION FOR ATTORNEY'S FEES

EGINTON, Senior District Judge.

Plaintiff, Brian K. Doehr, brought this action seeking damages pursuant to 42 U.S.C. § 1983 for wrongful attachment and a judgment declaring Connecticut's prejudgment remedy statute unconstitutional. In August, 1990, plaintiff's motion for interim attorney's fees was granted, absent objection, in the amount of $14,480. In December, 1992, this court declared Conn.Gen.Stat. § 52–278e(a)(1) to be unconstitutional.[1] In December, 1993, this court denied plaintiff's claim for damages. Currently pending is plaintiff's motion for an award of additional attorney's fees in the amount of $9,750 and costs of $32.25.

## BACKGROUND

In March, 1988, defendant attached property owned by plaintiff in Meriden, Connecticut, after an altercation between the parties. After a jury trial in state court, a jury found in favor of plaintiff. Plaintiff brought suit in this court seeking declaratory relief and damages for wrongful attachment. Defendant released the lien on plaintiff's property in September, 1991.

1. This ruling was made pursuant to the Supreme Court's decision in *Connecticut v. Doehr*, 501 U.S. 1, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991) and

Plaintiff requests fees incurred from February 26, 1991 to April 5, 1994 totaling 48.75 hours worked at a rate of $200 an hour. Plaintiff's counsel has submitted time records with the application for fees. The majority of attorney time was expended on the issue of damages, which included responding to defendant's motions to dismiss and for summary judgment. Plaintiff claims that he is entitled to a fee award pursuant to 42 U.S.C. § 1988, Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.

## DISCUSSION

Title 42 U.S.C. § 1988 provides that the court, in its discretion, may award attorneys' fees to a prevailing party in a § 1983 action. Plaintiff may be considered a prevailing party if he succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The plaintiff must be able to prove at a minimum, the resolution of a dispute which affects defendant's behavior towards plaintiff. *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987).

As noted, defendant released the lien on plaintiff's property in September, 1991. This release was subsequent to the United States Supreme Court's decision affirming the Second Circuit Court of Appeals' opinion finding Conn.Gen.Stat. § 52–278e(a)(1) to be unconstitutional. These decisions affected the behavior of defendant towards plaintiff by achieving a release of the attachment. Accordingly, the court finds that plaintiff is a prevailing party.

Having found that plaintiff is a prevailing party, the court must determine the appropriate fee award. The court must consider the degree of success obtained in determining the reasonable fee. *Hensley v. Eckerhart*, 461 U.S. at 436, 103 S.Ct. at 1941. After considering the amount and nature of damages awarded, the court may award low fees or no fees at all. *Farrar v. Hobby*, —— U.S. ——, ——, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992).

the Second Circuit Court of Appeals' decision in *Pinsky v. Duncan*, 898 F.2d 852 (2d Cir.1990).

Plaintiff received an interim fee award of $14,480 after the mandate of the Second Circuit Court of Appeals. Plaintiff's application is for additional attorney's fees for time expended on the issue of damages. As noted, this court denied plaintiff's claim for damages. Plaintiff did not obtain any success on this issue. The court finds that plaintiff is not entitled to an additional award of fees or costs pursuant to 42 U.S.C. § 1988.

Plaintiff also claims that he is entitled to attorney's fees pursuant to Rule 11 and 28 U.S.C. § 1927. Plaintiff argues that defendant's motions ## 48, 57, 60, 75, 84 and 86 were objectively unreasonable because defendant requested the court to violate the decisions of the United States Supreme Court and Second Circuit Court of Appeals.

"Under Rule 11, sanctions may be imposed on a person who signs a pleading, motion, or other paper for an improper purpose such as to delay or needlessly increase the cost of litigation, or does so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *Caisse Nationale De Credit Agricole–CNCA, New York Branch v. Valcorp, Inc.,* 28 F.3d 259 (2d Cir.1994). A legal argument is frivolous when, under a standard of objective reasonableness, there is no chance of success and no reasonable argument for modifying or reversing the law. *International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388, 390 (2d Cir.1989).

28 U.S.C. § 1927 provides that an attorney may be held personally liable for expenses, costs or attorneys' fees if his actions unreasonably or vexatiously multiply the proceedings before the court.

The court finds that plaintiff's claim is without merit. Neither mandate from the United States Supreme Court or the Second Circuit Court of Appeals required entry of a judgment of damages against defendant. Defendant's motions primarily sought dismissal or judgment against plaintiff on the issue of damages. Plaintiff did not succeed on this issue. Accordingly, the court finds that defendant's motions were objectively reasonable under the circumstances and did not multiply the proceedings before this court.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for attorney's fees and costs [# 96] is DENIED.

Dated this 23rd day of August, 1994 at Bridgeport, Connecticut.